IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE LEE COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-CV-634-WHA-CSC |
| | ) | |
| DR. JOHN MCFARLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Jamie Collier filed this 42 U.S.C. § 1983 action on September 23, 2021. On October 4, 2021, the Court entered an Order of Procedure. Doc. 5. The Order directed Defendants to file an Answer and Written Report and also directed Plaintiff to "immediately inform the Court and Defendants or Defendants' counsel of record . . . of any change in his address." Doc. 5 at 3, ¶8. The Order also advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." Doc. 5 at 4, ¶8.

On November 29, 2021, Plaintiff's copy of an Order entered November 3, 2021, was returned to the Court marked as undeliverable because Plaintiff is no longer housed at the last service address he provided. Accordingly, the Court entered an Order on November 29, 2021, requiring that by December 9, 2021, Plaintiff show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 12.  The Order specifically advised Plaintiff the administration of this case could not proceed if his

whereabouts remained unknown and informed him his failure to comply with the directive in the November 29 Order would result in a Recommendation this case be dismissed. *Id*. Plaintiff's copy of the November 29, 2021, was returned to the Court on December 15, 2021, marked as undeliverable. The Court therefore concludes this case should be dismissed.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the Court finds Plaintiff has willfully failed to file a response in compliance with the Court's November 29, 2021, Order. And considering Plaintiff's disregard for orders of this Court, the Court further finds that sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that objections to the Recommendation must be filed **by January 5, 2022**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file

written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 22nd day of December 2021.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE